IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN ROCHA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0986 |
| | § | |
| WARDEN CARTER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against several officers of the Estelle Unit. Having screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court **DISMISSES** this lawsuit, as follows.

### I. BACKGROUND AND CLAIMS

Plaintiff claims that one or more of the defendants refused to move him to safer housing after he was labeled a "snitch" by inmate gang members. He acknowledges that prison officials investigated his claims and placed him in temporary protective housing during the investigation, but complains that they ultimately returned him to his regular housing. Plaintiff states that he feared for his safety and felt threatened. He asks this Court to order Estelle Unit officials to move him to another unit and to award him damages for his emotional and mental anguish.

Plaintiff further alleges that defendants removed his personal property from his cell while he was in temporary protective housing, but failed to return all of it upon his return. Plaintiff claims that this violated his due process property rights and denied him access to the courts.

## II. ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A. <u>Injunctive Relief</u>

Plaintiff's request for injunctive relief against the Estelle Unit officials is **DISMISSED AS MOOT**. The Court notes that plaintiff was transferred to another prison unit one week after this lawsuit was filed, and is no longer housed at the Estelle Unit. Plaintiff does not allege facts showing that it is likely he will be returned to the Estelle Unit in the near future. Consequently, the requested injunctive relief is unwarranted.

B. Official Capacity Claims

Plaintiff seeks monetary damages against the prison officials in their official capacity. The requested relief is barred by Eleventh Amendment immunity. *See Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). Accordingly, these claims are **DISMISSED WITH PREJUDICE**.

C. Property/Access to Courts

Plaintiff claims that prison officers removed his personal property from his cell, including certain legal paperwork, but failed to return all of it. He seeks damages for the loss of his property and for denial of his right of access to the courts.

To the extent plaintiff seeks monetary damages for the wrongful loss of personal property, his claim is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). According to this doctrine, a negligent or even intentional deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at 533–34; *see also Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821–22 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine).

Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Aguilar v.*

3

*Chastain*, 923 S.W.2d 740, 743–44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Plaintiff's complaint regarding the unauthorized loss or deprivation of his property has no basis in federal law because Texas provides an adequate post-deprivation remedy. *See Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994).

Plaintiff fails to allege or show that Texas post-deprivation remedies are inadequate. Accordingly, he does not articulate an actionable claim for which relief can be granted under 42 U.S.C. § 1983 regarding the unauthorized deprivation of his personal property. *See also Leggett v. Williams*, 277 F. App'x 498, 500, 2008 WL 1984271 (5th Cir. 2008) (holding that inmate's claim that his property was confiscated and destroyed as an act of retaliation for his status as a writ writer was barred by the *Parratt/Hudson* doctrine).

Further, plaintiff fails to state a colorable claim for denial of access to the courts. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996). However, the right encompasses a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement. *Id.* at 356. Thus, a plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Id.* at 349; *see also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir.1999). The Supreme Court explained that an actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 349. Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Id.*

4

Plaintiff does not state that he sustained any actual loss as a result of the alleged denial of access to the courts. Thus, no colorable claim is stated for which section 1983 relief can be granted.

Plaintiff's claims for loss of personal property and denial of access to the courts are **DISMISSED WITHOUT PREJUDICE**.

D.  Failure to Protect

Plaintiff claims that prison officials failed to protect him by moving him to safer housing or transferring him to another unit. He seeks monetary damages for his emotional and mental anguish caused by their conduct.

Plaintiff does not allege that he sustained any physical harm as a result of not being moved or transferred. To the contrary, plaintiff's allegations clearly show that he was not physically attacked or assaulted prior to his transfer to another unit. Without an allegation of physical harm, plaintiff fails to state a colorable section 1983 claim for failure to protect. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).[1]

Plaintiff's claims for failure to protect are **DISMISSED WITHOUT PREJUDICE**.

---

[1] "Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. Thus, as the district court correctly held, Geiger's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported [constitutional] violation." 404 F.3d at 374.

## III. CONCLUSION

For these reasons, the Court **ORDERS** as follows:

(1) Plaintiff's request for injunctive relief is **DISMISSED AS MOOT**.

(2) Plaintiff's claims for monetary damages against defendants in their official capacity are **DISMISSED WITH PREJUDICE**.

(3) Plaintiff's claims for loss of personal property are **DISMISSED WITHOUT PREJUDICE**.

(4) Plaintiff's claims for denial of access to the courts are **DISMISSED WITHOUT PREJUDICE**.

(5) Plaintiff's claims for failure to protect are **DISMISSED WITHOUT PREJUDICE**.

(6) Any and all pending motions are **DENIED AS MOOT**.

(7) This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk of Court is directed to provide a copy of this order to plaintiff. The Clerk will also provide a copy of this order by regular mail or e-mail to: (1) the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and (2) Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the ___ day of November, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE